**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMANTHA BUTLER and BARRETT GORDON, Individually and on Behalf of All Others Similarly Situated,<br><br>    PLAINTIFFS,<br><br>vs.<br><br>SUPERIOR TOWING, INC.,<br><br>    DEFENDANT. | No. 1:21-cv-659<br><br>Hon. Mary Rowland |

**JOINT MOTION
FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE**

| ATTORNEY FOR PLAINTIFFS: | ATTORNEYS FOR DEFENDANT: |
|---|---|
| Krista Sheets<br>Sanford Law Firm, PLLC<br>Kirkpatrick Plaza<br>10800 Financial Centre Pkwy, Suite 510<br>Little Rock, Arkansas 72211<br>(800) 615-4946 | Rachel L. Schaller<br>rschaller@taftlaw.com<br>David L. Weinstein<br>dweinstein@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER, LLP<br>111 East Wacker Drive, Ste. 2800<br>Chicago, IL 60601<br>(312) 836-4128 |

**INTRODUCTION**

Plaintiffs Samantha Butler and Barrett Gordon (collectively, "Named Plaintiffs"), individually and on behalf of a collective of five similarly situated individuals who have opted into this case, Ray Forrester, Fay Gordon, Dornisha Ramsey, Arthur Schoenenberger and Derek Wilder (collectively, "Opt-in Plaintiffs"), allege that Defendant Superior Towing, Inc. violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL"). Plaintiffs and Defendant (the "Parties") have agreed to settle all claims asserted by Plaintiffs pertaining to, arising from, or associated with their FLSA and IMWL claims.

The Parties, by and through their undersigned counsel, respectfully request that this Court enter an order approving the Parties' proposed settlement agreement because it represents a fair and reasonable resolution of the Parties' bona fide dispute and further state as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

   **A.      Procedural History**

On February 4, 2021, the Named Plaintiffs filed the above-captioned class and collective action lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL"). Named Plaintiffs sought to represent themselves and all other non-exempt classified employees in the country as a collective action under the FLSA.

On June 25, 2021, Defendant filed its Answer and Defenses to the First Amended and Substituted Complaint - Collective Action, denying all liability [Dkt. No. 13].

On June 29, 2021, Named Plaintiffs filed a Motion for Conditional Certification, For Approval and Distribution of Notice and For Disclosure of Contact Information. [Dkt. 14].

Defendant did not oppose conditional certification but did file a response opposing the method and frequency of the proposed notice. [Dkt. 19].

On January 5, 2022, the Court conditionally certified Named Plaintiffs' FLSA claim as a collective action and authorized the sending of notice. [Dkt. 22].

### B. Settlement Negotiations

During the period between May 13 and May 31, 2022, the Parties' respective counsel engaged in settlement negotiations, culminating in their agreeing to compromise and settle all claims asserted by: Named Plaintiffs and the five Opt-in Plaintiffs (collectively, "Claimants") pertaining to, arising from, or associated with their FLSA and state law claims, including but not limited to, the allegations in the Complaint, and as set forth herein.

The Parties have agreed to settle this case on the terms and conditions set forth in the Settlement Agreement and Release attached hereto as Exhibit A, in recognition that the outcome of the case is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

Claimants' counsel represent that they have conducted a thorough investigation into the facts and have diligently investigated the Claimants' claims. Based on their own investigation and evaluation, Claimants' counsel are of the opinion that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of Claimants in light of all known facts and circumstances. Claimants' counsel calculated damages for each Claimant using the time and payroll records provided during discovery by Defendant, taking into account the amount each Claimant was compensated bi-weekly by Defendant, their tenure with Defendant during the 3-year period before the filing of the Complaint, and their weekly regular and overtime hours listed on their time reports.

**II.     SUMMARY OF SETTLEMENT**

The terms of this settlement are contained in the Settlement Agreement. There are no undisclosed side agreements between the Plaintiffs and Defendant. **Exhibit A**.

**A.     The Settlement Amount**

Claimants agree to release and discharge Defendant and all Releasees, with prejudice, from any and all causes of action against Defendant or Releasees that were asserted in the Complaint. To avoid the time and expense of continued litigation, risks, and delays inherent in continuing the litigation, the Parties agreed to the Settlement Amount set forth in the attached Settlement Agreement. *Id.* The Settlement Amount covers payment of Claimants' Attorneys' Fees in the gross amount of $16,500.00 and all payments to Representative Plaintiff and Opt-In Plaintiffs in the gross amount of $11,000.00. Ex. A ¶ 17. Plaintiffs eligible to receive a settlement payment are Representative Plaintiffs Samantha Butler and Barrett Gordon and Opt-in Plaintiffs Ray Forrester, Faye Gordon, Dornisha Ramsey, Arthur Schoenenberger, and Derek Wilder. *Id.*

**B.     Releases**

The Settlement Agreement provides that, upon entry of an order approving the settlement by the Court, the Plaintiffs agree to release all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses against Defendant or Releasees that were asserted in the Complaint as of the date the Court grants Approval of this Settlement. The Claims released include all state and federal law claims for unpaid wages, unpaid overtime wages, untimely paid wages, claims relating to wage payment, claims related to wage-hour record-keeping, claims relating to commissions or incentive compensation plans or agreements, or other claims of any nature directly or indirectly concerning wages or overtime wages, including any and all claims for damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages,

3

interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon alleged violations of the FLSA or any state wage laws, including the laws of Illinois. Ex. A ¶ 14.

      **C.**      **Calculation and Distribution of the Settlement Amount**

Within twenty-one (21) business days following the Effective Date and receipt of required information from Plaintiffs, including completed W-4 and W-9 forms, Defendant shall distribute the Gross Settlement Amount. Ex. A ¶ 17. The gross amount of $11,000.00 will be paid to Claimants, less applicable, legally required withholdings and deductions, by checks issued to Claimants for alleged unpaid wages, and will be reported on IRS form W-2. Ex. A ¶ 17. The total settlement fund awards are allocated to each Plaintiff as follows:

1. Samantha Butler: $1,320.00
2. Ray Forrester: $660.00
3. Barrett Gordon: $6,490.00
4. Faye Gordon: $110.00
5. Dornisha Ramsey: $550.00
6. Arthur Schoenenberger: $1,320.00
7. Derek Wilder: $550.00

*Id.*

The above amounts for each Claimant total at least 2.4 times the amount of lost overtime calculated by Claimants' counsel, with the exception of Plaintiff Schoenenberger. Schoenenberger was the only Claimant who was paid on a salary basis by Defendant. The Parties had vastly differing stances as to the value of Schoenenberger's claim, based in large part on Defendant's position that Schoenenberger was exempt under the Motor Carrier Act from the overtime requirements of the FLSA. Under the terms of the Settlement Agreement, Schoenenberger is receiving an amount that compensates him for an assumed and approximate 3.5 hours of unpaid overtime premium per week worked with Defendant. Claimants' counsel believes this to be a reasonable settlement in light of Defendant's defense which, if successfully proven, would have entitled him to nothing.

### D.     Attorneys' Fees and Litigation Costs

The Parties negotiated and agreed to an award of attorneys' fees in the gross amount of $16,500.00 which shall be paid to Claimants' counsel, Sanford Law Firm, and reported on IRS form 1099. Every demand made on Defendant by Claimants' counsel delineated the amount demanded for Claimants' claimed damages and the amount for accrued attorneys' fees and costs. The Parties agree that these sums are fair and reasonable in light of all the facts and circumstances, including the past and anticipated future time spent by Plaintiffs' counsel, their hourly rates, the risks undertaken, and the results achieved.

In support of the negotiated amount of attorneys' fees and costs, Claimants attach **Exhibit B** which details the hours that Claimants' counsel has spent on this case and includes redactions only for certain attorney-client communications. Claimants' counsel worked over 100 hours on the case, incurring over $30,000.00 in billed hours, taking the case from initial fact investigation and complaint drafting through informal discovery, damages calculations, and conditional collective certification, to the distribution of Notice and Consent forms as well as settlement negotiations spanning the course of several weeks. Claimants' counsel also incurred $553.75 in costs. At approximately 55% of Claimants' counsel's current billed hours, this award is reasonable.

### III.     LEGAL STANDARD GOVERNING MOTIONS TO APPROVE FLSA SETTLEMENTS

In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001). An employee may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *Lynn's Food Stores,*

*Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1353, 1355. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

When FLSA cases are settled on a collective basis, courts in this district have held that a one-step settlement approval process is appropriate. *See Bainter v. Akram Investments, LLC*, No. 17-cv-7064, 2018 WL 4943884, at *2 (N.D. Ill. Oct. 9, 2018); *Briggs v. PNC Fin. Servs. Group, Inc.*, No. 15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective action settlements do not implicate the same due process concerns as Rule 23 actions. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982).

**IV.    APPROVAL OF THE SETTLEMENT IS WARRANTED.**

The settlement reached by the Parties represents a fair, just, and reasonable resolution of the claims alleged by Plaintiffs under the FLSA and any remaining disputes between the Parties. The agreement reached is the result of extensive negotiations between the Parties to resolve this matter. The settlement figures agreed upon bear a reasonable and fair relationship to the amounts alleged by the Representative Plaintiff and Opt-In Plaintiffs, and also take into account the specific risks and uncertainties associated with this litigation. The Settlement Agreement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients. Significantly, the Settlement Agreement provided for monetary relief for all Plaintiffs, including each of the Plaintiffs who opted-in to the lawsuit.

### A.     <u>**Bona Fide Disputes Exist.**</u>

The settlement of the instant action involves a *bona fide* dispute. Plaintiffs maintain that Defendant operates a policy and practice by which Defendant failed to make or maintain true and accurate records of the time worked by Plaintiffs over 40 hours per week, which resulted in Defendant's failure to pay Plaintiffs overtime for all hours worked, in violation of the FLSA and Illinois law. On liability, Plaintiffs would have to overcome Defendant's numerous legal and factual defenses, including, but not limited to the fact that many Plaintiffs' claims are barred, in whole or in part, by the applicable FLSA statute of limitations. In addition, a trial on the merits would involve significant risks for Plaintiffs as to damages. Bona fide disputes exist as to whether the Representative Plaintiffs and the Opt-In Plaintiffs could credibly establish the hours of overtime they worked and the weeks in which they worked overtime.

### B.     <u>**The Settlement Is Fair and Reasonable.**</u>

In determining whether a settlement is fair and reasonable, courts have considered non-exclusive factors such as: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiffs to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011).

The Parties' settlement is fair and reasonable and meets all applicable factors considered by courts. The settlement appropriately factored in the complexity, risk, expense, likely duration

7

of the litigation and the range of reasonableness of the settlement fund in light of the best possible recovery.

Moreover, the settlement is appropriate at this stage of the proceedings. As set forth above, the Parties engaged in a substantial investigation which aided them in efficiently identifying and assessing the disputed legal and factual issues here, as well as remaining abreast of any changes in this ever-evolving and highly-nuanced area of the law. Plainly, the Parties had more than sufficient information to assess the risks of assessing liability and damages.

Additionally, the settlement is well within the range of possible recovery. As in all wage and hour claims, particularly in the collective action context, the nature and amount of recoverable damages was uncertain. Even if a trier of fact ultimately found liability, a range of possible damages existed depending on factors including, but not limited to, the Parties and their witnesses' credibility, the limitations in the available data tracking work performed, the applicable statute of limitations, and Defendant's knowledge, willfulness and good faith. Taking these considerations into mind, the amount of the settlement is appropriate in relation to the potential recovery and risks.

Based on the aforementioned factors, the Parties conclude that a settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, in the best interests of the Parties, and not worth the costs and risks associated with a trial. As part of the Gross Settlement Amount, the Parties have agreed that Plaintiffs' counsel will receive $16,500.00 in attorneys' fees, a sum Plaintiffs' counsel represents is consistent with the attorney-client agreement executed by the Representative Plaintiffs. Defendant has no objection to the fees. In sum, the Settlement Agreement constitutes a fair and reasonable settlement of all claims, consistent with abundant precedent, and the interests of judicial economy support approval of the Settlement Agreement.

## **CONCLUSION**

For the reasons set forth above, the Parties respectfully request an order: (1) approving the Settlement Agreement and its terms as fair, reasonable, and sufficient, including payments to Claimants and the payment of attorneys' fees; (2) dismissing the action in its entirety with prejudice as to each of Claimants and (3) directing that the Gross Settlement Amount be distributed in accordance with the terms of the Settlement Agreement. *See* Proposed Approval Order and Final Judgment attached hereto as **Exhibit C**.

Respectfully submitted,

/s/ *David L. Weinstein*
David L. Weinstein
Rachel L. Schaller
Taft Stettinius & Hollister
111 E. Wacker, Suite 2800
Chicago, Illinois 60601
dweinstein@taftlaw.com
rschaller@taftlaw.com
***Attorneys for Defendant***

*/s/ Krista Sheets*
Krista Sheets
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
***Attorney for Claimants***

74090259v1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA BUTLER and BARRETT GORDON, Individually and on Behalf of All Others Similarly Situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>SUPERIOR TOWING, INC.,<br><br>DEFENDANT. | No. 1:21-cv-659<br><br>Hon. Mary Rowland |

**JOINT MOTION
FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE**

**EXHIBIT LIST**

Exhibit A     Settlement Agreement and Release

Exhibit B     Plaintiffs' Itemized Attorneys' Fee Time Entries and Costs

Exhibit C     Proposed Approval Order and Final Judgment