THE UNITED STATES DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA BUTLER and BARRETT GORDON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 1:21-cv-659-MMR |
| PLAINTIFFS, | ) ) ) | Hon. Mary Rowland |
| vs. | ) ) ) | |
| SUPERIOR TOWING, INC., | ) ) ) | |
| DEFENDANT. | ) | |

## APPROVAL ORDER AND FINAL JUDGMENT

UPON CONSIDERATION of the Parties' Joint Motion for Approval of the Settlement Agreement and Release, and otherwise being fully informed on the premises, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

(1)  This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law ("IMWL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over Samantha Butler and Barrett Gordon ("Representative Plaintiffs") and Ray Forrester, Faye Gordon, Dornisha Ramsey, Arthur Schoenenberger, and Derek Wilder ("Opt-In Plaintiffs").

(2)  The Court finds that there is a bona fide legal dispute between the Parties as to whether Plaintiffs are owed any overtime compensation.

(3)  The Court grants final approval of the Settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") and each individual Release of Claims.

(4)  The Court finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Plaintiffs. The Court finds that: (a) the strength of Plaintiffs' case on the merits weighed against Defendant's defenses, and the complexity, length and expense of further litigation, support approval of the Settlement; (b) the Gross Settlement Amount set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement expressed by Plaintiffs' Counsel and counsel for Defendant, both of whom have significant experience representing parties in complex class and collective actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; and (e) the

litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

(5) The Court approves the Settlement as a final, fair, reasonable, adequate, and binding release of the claims of Representative Plaintiff and Opt-In Plaintiffs as provided in the Settlement Agreement and individual Release of Claims. Plaintiffs agree to release and discharge Defendant and all Releasees, finally, forever, and with prejudice, from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses against Defendant or Releasees that were asserted in the Complaint as of the date of this Order, including all state and federal law claims for unpaid wages, unpaid overtime wages, untimely paid wages, claims relating to wage payment, or other claims of any nature for wages, overtime wages, including any and all claims for damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon alleged violations for Illinois state wage laws or the FLSA.

(6) All Opt-In Plaintiffs have irrevocably consented to join and opt into the FLSA collective action in this Lawsuit.

(7) The Parties' proposed Settlement Agreement is approved, including each of the Plaintiff's Release of Claims, the payments to Plaintiffs, and the payment of attorneys' fees.

(8) This Court hereby dismisses the case in its entirety with prejudice as to each of the Plaintiffs, without awarding costs to the Parties except as provided in the Settlement Agreement, and approves the Settlement and releases. The Court shall retain limited jurisdiction for 45 days after the date of this Order only for the purpose of enforcing payment of the Gross Settlement Amount as set forth in the Settlement Agreement.

IT IS SO ORDERED.

Date: July 20, 2022

*Mary M Rowland*
_____
The Hon. Judge Mary Rowland
United States District Judge

73999298v1